(932 P.2d 452)
No. 75,496

In the Matter of the Application of RIVERTON WATER COMPANY, INC., for Exemption From Ad Valorem Taxes in Cherokee County, Kansas.

Opinion filed February 14, 1997.

*Mark A. Burghart*, of Alderson, Alderson & Montgomery, L.L.C., of Topeka, for appellant.

No appearance by appellee.

Before MARQUARDT, P.J., GREEN, J., and CAROL BACON, District Judge, assigned.

MARQUARDT, J.: Riverton Water Company, Inc., (Riverton Water) had requested an exemption from ad valorem property tax, pursuant to K.S.A. 1995 Supp. 79-201a *Third*, claiming that it held the status of a rural water district. The Board of Tax Appeals (BOTA) found that Riverton Water was not a rural water district until March 13, 1995, when the Board of Cherokee County Commissioners approved Riverton Water's incorporation as Riverton Rural Water District No. 9, and denied an exemption prior to that time. Riverton Water appeals.

Riverton Water provided water services for the city of Riverton, Kansas, in Cherokee County. Riverton Water was organized December 4, 1992, as a private, nonprofit organization, exempt from federal income taxes pursuant to section 501(c)(3) of the Internal Revenue Code (26 U.S.C. § 501(c)(3) [1994]). At that time, Riverton Water filed articles of incorporation with the State of Kansas, stating that its purpose was "to serve the public welfare of the community." However, no petition was presented to the county commissioners to incorporate and organize Riverton Water as a rural water district.

In 1992, Riverton Water's request for a rural water district ad valorem property tax exemption was granted by BOTA. However, the Kansas Division of Property Valuation never received notice of the hearing. Upon application of the Director of Property Valuation, BOTA determined that Riverton Water was not a rural water district organized according to Kansas law, and the exemption was rescinded on November 2, 1994.

On March 13, 1995, Riverton Water was replaced by Riverton Rural Water District # 9, which was incorporated by the Board of Cherokee County Commissioners pursuant to the requirements in K.S.A. 82a-612 *et seq.*

On April 28, 1995, Riverton Water reapplied for an ad valorem property tax exemption for the years prior to its incorporation as a rural water district. Riverton Water contended that "it was performing the same services before the approval of the Board of [Cherokee] County Commissioners as it was performing after" and should not be treated differently due to a mere formality. Following a hearing on this matter, BOTA held that Riverton Water did not become a rural water district until March 13, 1995, and did not qualify for an exemption until that date.

"The power of the legislature to express what property shall be taxed implies the power to prescribe what property shall be exempt. The fundamental rule in Kansas is that a tax exemption statute is to be construed strictly in favor of imposing a tax and against an allowance of an exemption for one who does not clearly qualify. [Citation omitted.] The burden of establishing an exemption from taxation is upon the one claiming the exemption. [Citation omitted.]" *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 454, 691 P.2d 1303 (1984).

K.S.A. 1995 Supp. 79-201a provides:

"The following described property, to the extent herein specified, shall be exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:

. . . .

"*Third.* All works, machinery and fixtures used exclusively by any rural water district or township water district for conveying or production of potable water in such rural water district or township water district."

K.S.A. 82a-612 *et seq.* details the steps that must be followed to organize a rural water district, including the powers, responsibilities, and operational requirements. BOTA held that for Riverton Water to receive an exemption under K.S.A. 1995 Supp. 79-201a *Third*, it was required to follow the organizational requirements of K.S.A. 82a-612 *et seq.*

In its October 5, 1995, order, BOTA stated:

"First, K.S.A. 82a-613, 614 provide that a petition must be filed with the board of county commissioners before a rural water district can be incorporated and organized in the manner established by the statutes governing rural water districts. Second, K.S.A. 82a-616 authorizes the board of county commissioners to approve the petition after it has made a number of specific findings relating to the district. *K.S.A. 19-270 requires approval of the board of county commissioners in order to create a valid rural water district.* Third, pursuant to K.S.A. 82a-621, a petition is required to be filed with the Chief Engineer of the Division of Water Resources, Kansas State Board of Agriculture, before a rural water district can be organized." (Emphasis added.)

Riverton Water argues that strict compliance with K.S.A. 82a-612 *et seq.* and K.S.A. 19-270 is not required because Riverton Water was a de facto rural water district prior to March 13, 1995. Whether an entity claiming de facto status qualifies for an exemption under K.S.A. 1995 Supp. 79-201a is an issue of first impression in Kansas.

Riverton Water argues that the legislature omitted any cross reference between K.S.A. 82a-612 *et seq.* and K.S.A. 1995 Supp. 79-201a *Third* because it did not intend to prevent entities that acted in good faith, but that did not strictly comply with K.S.A. 82a-612 *et seq.*, from receiving the benefit of a property tax exemption.

" 'One of the more common rules of statutory interpretation is that expressed in the Latin maxim *expressio unius est exclusio alterius, i.e.,* the mention or inclu-

sion of one thing implies the exclusion of another. This rule may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention.' [Citations omitted.]" *State v. Luginbill*, 223 Kan. 15, 20, 574 P.2d 140 (1977) (quoting *In re Olander*, 213 Kan. 282, 285, 515 P.2d 1211 [1973]).

Under this reasoning, if the legislature had intended to require entities to comply with K.S.A. 82a-612 *et seq.*, then the legislature would have specifically referred to it as was done in numerous other sections of K.S.A. 1995 Supp. 79-201a.

In 1949, the predecessor statute to 79-201a did not mention rural water districts, but instead allowed an exemption for "[a]ll works, machinery and fixtures belonging to and owned by any town, city or village, and used exclusively for conveying water to such town, city or village." G.S. 1949, 79-201 *Seventh*. In 1965, the statute was amended to exempt property "belonging to and owned by any rural water district, township water district, town, city or village." L. 1965, ch. 509, § 1. Under this amendment, the entity conveying water had to be either a governmental unit *or* a rural water district in order to qualify for the exemption.

"Rural water district" is not a common term, it is a technical one. " '[T]echnical words and phrases, and other words and phrases that have acquired a peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meanings.' [K.S.A. 1995 Supp. 77-201 *Second*.]" *Hudgens v. CNA/Continental Cas. Co.*, 252 Kan. 478, 483, 845 P.2d 694 (1993). The term "rural water district" is not defined in Chapter 79 of the Kansas statutes. Under K.S.A. 82a-612(a), "district" is defined as "a rural water district organized pursuant to this act." BOTA relied on the provisions of K.S.A. 82a-613, K.S.A. 82a-614, K.S.A. 82a-616, and K.S.A. 19-270 to support its position that a rural water district must be incorporated and organized by a board of county commissioners before it attains the legal status of a rural water district.

"Subject to the provisions of K.S.A. 1986 Supp. 19-270, the board of county commissioners of each county in this state *shall* have power and it *shall* be their duty, upon a proper petition being

presented, to incorporate and organize rural water districts in the manner hereinafter provided." (Emphasis added.) K.S.A. 82a-613.

K.S.A. 82a-616(b) provides: "Any district heretofore declared *and incorporated by the board of county commissioners* pursuant to a petition presented under this section, . . . is hereby ratified and *declared to be a lawfully incorporated* and existing *district.*" (Emphasis added.)

K.S.A. 19-270 provides in pertinent part:

"(a)(1) A special benefit district shall include any:

. . . .

"(B) . . . rural water district. . . .

"(b) *No special benefit district shall be created, established or otherwise formed* within the fringe area of any city *unless approved by* at least a ¾ majority vote of *the board of county commissioners* of the county in which the city is located." (Emphasis added.)

When read together, these statutes clearly establish that action by the board of county commissioners is essential in order to create a lawfully incorporated rural water district. Because "rural water district" is not a term that connotes a general meaning, it is reasonable to conclude that the legislature intended and expected parties wishing to utilize K.S.A. 1995 Supp. 79-201a *Third* to look for the definition and organizational requirements of a rural water district elsewhere in the statutes.

Riverton Water argues that its status prior to March 1995 is comparable to that of a de facto corporation which failed to meet all the statutory requirements of incorporation. Even though Riverton Water did not meet the statutory requirements for the formation of a rural water district, it argues that it did attempt to organize itself as a rural water district and that it proceeded in good faith upon the belief that it was a rural water district. Because a de facto corporation is a legal entity, Riverton Water argues that it should be treated as though it had met the statutory requirements for a rural water district.

For de facto corporation status, a corporation must prove that: (1) there is a statute under which incorporation is permitted; (2) a good faith attempt was made to comply with the statute; and (3) there was some use or exercise of corporate privileges. See *In re*

*Armed Forces Cooperative Insuring Ass'n,* 5 Kan. App. 2d 787, 792, 625 P.2d 11 (1981). Riverton Water argues that it has met these three elements; however, Riverton Water did not attempt to comply with the organizational statutes.

Statutory references to the board of county commissioners' role in incorporating rural water districts are contained in K.S.A. 82a-601, K.S.A. 82a-604, K.S.A. 82a-605, K.S.A. 82a-613, K.S.A. 82a-614, K.S.A. 82a-616(b), and K.S.A. 19-270. We believe these statutes are indicative of the legislature's intent to require the approval of a rural water district by a board of county commissioners, thereby alleviating any doubt as to its formation and serving as notice to third parties. Riverton Water did not present a petition to the board of county commissioners. Hence, there was no evidence of a good faith attempt to comply with the statute.

Finally, during the period of time between November 2, 1994, (the date that Riverton Water's exemption was rescinded) and March 13, 1995, there is no evidence that Riverton Water was acting under a good faith belief that it was, in fact, a rural water district.

In order to receive an ad valorem property tax exemption under K.S.A. 1995 Supp. 79-201a *Third,* a rural water district must follow the requirements of K.S.A. 82a-612 *et seq.*

Affirmed.